UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| *RAFAEL TINOCO,* | § | |
| *Plaintiff,* | § | |
| *v.* | § | CIVIL NO. 7:23-CV-00136 |
| | § | |
| CITY OF HIDALGO, TEXAS; | § | |
| Sergio Coronado, in his individual and official | § | |
| capacity; Romeo Rodriguez, in his individual | § | |
| and official capacity; Raul Cantu, in his | § | |
| individual capacity and official capacity; | § | JURY TRIAL DEMANDED |
| Esteban Lozano, in his individual capacity and | § | |
| official capacity; and Guadalupe Amaya. | § | |
| *Defendants.* | § | |

## JOINT DISCOVERY PLAN
## UNDER FRCP 26(f)

1.  State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.

    **Answer:** The parties conferred on June 23, 2023, via telephonic conference. Parties in attendance was Francisco Tinoco for Plaintiff and Erick Holguin for the City of Hidalgo, Sergio Coronado, Romeo Rodriguez, Raul Cantu, and Esteban Lozano.

2.  List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.

    **Answer:** None.

3.  Briefly describe what this case is about.

    **Answer:** Plaintiff filed suit against the City of Hidalgo, Guadalupe Amaya, Sergio Coronado, Romeo Rodriguez, Raul Cantu, and Esteban Lozano alleging violations of Plaintiff's U.S. Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and in violation of his civil rights under 42 U.S.C. §1983.

4.  Specify the allegation of federal jurisdiction.

    **Answer:** Plaintiff alleges jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 under Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

5.  Name the parties who disagree with the jurisdictional allegations and state their reasons.

    **Answer:** The parties agree that this Court has jurisdiction to adjudicate Plaintiff's claims.

**6.**   List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.

   **Answer:** Depending on discovery and any new facts or information, Plaintiff may add more defendants. Plaintiff anticipates adding the additional parties as soon as practically possible.

**7.**   List anticipated interventions.

   **Answer:** None.

**8.**   Describe any class-action issues.

   **Answer:** None.

**9.**   State whether each party represents that it has made the initial disclosures required by FRCP 26(a).  If not, describe the arrangements that have been made to complete such disclosures.

   **Answer:** The parties have not made initial disclosures. If necessary, the parties anticipate making their initial disclosures within 30 days after this Court rules on the immunity issues raised by the Defendants.

**10.**   Describe the discovery plan agreed by the parties by stating:

   **A.**   What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).

      **Answer:** Defendants set forth that in light of the individual Defendant asserting qualified immunity through a motion to dismiss, discovery is stayed in the case until the Court rules on the individual Defendants' motion to dismiss. The Defendants ask the Court not to enter a scheduling order before the Court rules on the individual Defendant's motion to dismiss.

      If the Court finds when ruling on the individual Defendant's motion to dismiss that Plaintiff has alleged facts in the complaint that state a plausible claim for relief against the individual Defendants, at that point the Defendants ask the Court to issue a scheduling order limiting discovery to that necessary for the Court to rule on the individual Defendants' motion for summary judgment based on qualified immunity.

      If any claim remains after the Court rules on the individual Defendant's summary judgment motion based on qualified immunity, the Defendants ask the Court to schedule a brief period of 75 days for additional discovery before other dispositive motions are due.

Plaintiff believes that the initial disclosures and discovery in this case should proceed; but leaves the matter to the Court.

**B.** When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs anticipate they will serve interrogatories upon each Defendant. Plaintiffs believe the Rule 33(a) limit of twenty-five interrogatories per party should be sufficient, but if necessary, may request the Court for leave to serve additional interrogatories.

**C.** When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate serving interrogatories to Plaintiffs during the appropriate discovery period(s).

**D.** Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking oral depositions of each of the Defendants and any of Defendants' expert witnesses, as well as third-party witnesses.

**E.** Of whom and by when the defendant anticipates taking oral depositions.

During the appropriate discovery period(s), Defendants anticipate deposing the Plaintiff, as the first depositions in this case, any individual(s) Plaintiffs identifies as having knowledge of relevant facts, and Plaintiff's disclosed expert(s).

**F.** When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff can designate expert witnesses and provide Rule 26(a)(2)(B) reports in accordance with the Court's scheduling order and applicable local rules and statutory deadlines.

Defendants will be able to designate experts and provide reports within forty-five days after receiving Plaintiffs' expert disclosures, including reports.

**G.** List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates deposing any experts designated by Defendants within the Court's scheduling order and applicable local rules and statutory deadlines.

**H**. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

During the relevant discovery period, Defendants anticipate deposing all experts Plaintiff discloses.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Answer:** The parties agree with the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Answer:** Plaintiff sent requests for production, but the parties agreed to stay Defendants' responses until the immunity issues raised by Defendants are decided by this Court.

13. State the date the planned discovery can reasonably be completed.

**Answer:** Defendants aver within 180 days after the Court denies an individual Defendant's motion to dismiss based on qualified immunity, if applicable.
Thereafter, if applicable, within 75 days after the Court rules on individual Defendant's motion (s) for summary judgment based on qualified immunity.
Thereafter, if applicable, 75 days after the Court rules on individual Defendant's motion(s) for summary judgment based on qualified immunity if any claim remains in the case.

Plaintiff believes 180 days should be sufficient to complete discovery.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Answer:** The parties will continue to discuss the possibilities of settlement.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Answer:** The parties have agreed to maintain a line of communication that can be conducive to bringing about a prompt resolution.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Answer:** The parties believe mediation may be effective in bringing this case to a resolution.

17.   Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

**Answer:** The parties do not consent to a trial before a magistrate judge.

18.   State whether a jury demand has been made and if it was made on time.

**Answer:** Plaintiff made a timely jury demand.

19.   Specify the number of hours it will take to present the evidence in this case.

**Answer:** The parties believe it will take 48 hours to present evidence.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Answer:** None.

21.   List other motions pending.

**Answer:** Defendants filed a motion to dismiss under Federal Rule 12(b)(6).

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Answer**: Defendants set forth that discovery should be stayed pending resolution of the individual Defendants' qualified immunity through rulings on the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-686, 129 S. Ct. 1937, 1949, 1953-1954 (2009); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987); *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022); *Backe v. LeBlanc,* 691 F.3d 645, 649 (5th Cir. 2012). If any individual officers remain as defendants, discovery must be initially limited to factual questions related to the issue of immunity as are identified by the Court in ruling on the motion to dismiss. *Converse v. City of Kemah*, 961 F.3d 771, 780 n.8 (5th Cir. 2020).

Plaintiffs would like to proceed with initial disclosures and discovery in this case as soon as possible.

23.   List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff(s):

THE LAW OFFICE OF J. FRANCISCO TINOCO, P.C.
J. Francisco Tinoco
Texas Bar No.: 24067418
SDTX Federal Bar ID: 873188
The Chase Tower
200 South 10th Street, Suite 802
McAllen, TX 78501
Telephone - (956) 683-8300

Facsimile - (956) 683-8305
Counsel for Plaintiff


Counsel for Defendant(s):

RICARDO PEREZ
Federal Bar Id. 559507
Texas Bar No. 24048723
ERICK G. HOLGUIN
Federal Bar Id. 2791316
Texas Bar No. 24097844
Perez Law Firm, PLLC
208 Lindberg Avenue
McAllen, Texas 78501
Tel: 956-782-2700
Counsel for the City of Hidalgo, Sergio Coronado,
Romeo Rodriguez, Raul Cantu, and Esteban Lozano.


Respectfully submitted,

By: /s/ J. Francisco Tinoco
J. Francisco Tinoco, Esq.
Texas Bar No.: 24067418
SDTX Federal Bar ID: 873188
THE LAW OFFICE OF J. FRANCISCO TINOCO, P.C.
The Chase Tower
200 South 10th Street, Suite 802
McAllen, TX 78501
Telephone - (956) 683-8300
Facsimile - (956) 683-8305
e-mail - tinoco@sotxlaw.com

**ATTORNEY FOR PLAINTIFF**


Respectfully submitted,

By:/s/RICARDO PEREZ
Ricardo Perez
Perez Law Firm, PLLC
208 Lindberg Avenue
McAllen, Texas 78501
Tel: 956-782-2700
Federal Bar Id. 559507

**ATTORNEY FOR DEFENDANTS**

6

## CERTIFICATE OF SERVICE

I certify that on June 23, 2023, this document was filed by CM/ECF.

BY:/S/ERICK G. HOLGUIN
ERICK G. HOLGUIN